[No. D014687. Fourth Dist., Div. One. June 25, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
TERRY HOVE, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Tracy L. Emblem, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle B. Davis and Pamela A. Ratner, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WORK, J.**—Terry Hove appeals a judgment convicting him of possessing methamphetamine for personal use (Health & Saf. Code,[2] § 11377, subd. (a)) and possessing marijuana for sale (§ 11359). The court suspended Hove's sentence and placed him on probation, one condition of which requires him to register with the local police or sheriff in any community in which he is domiciled. Hove challenges this statutorily mandated requirement as unconstitutionally violating his right to personal privacy. (Cal. Const., art. I, § 1.)[3] He also contends the registration requirement is barred by Penal Code section 654 prohibiting multiple punishment for the same act. Concluding the registration requirement does not unduly burden the right of privacy of a controlled substance offender, and is not prohibited as a dual punishment, we affirm the judgment.[4]

I

### THE REGISTRATION REQUIREMENT DOES NOT VIOLATE HOVE'S RIGHT TO PRIVACY

The registration condition Hove contests is mandated by section 11590, which states:

"[A]ny person who is convicted in the State of California of any offense defined in Section . . . 11359, . . . or subdivision (a) of Section 11377, . . . shall within 30 days of his or her coming into any county or city, or city and county in which he or she resides or is temporarily domiciled for that length of time, register with the chief of police of the city in which he or she resides or the sheriff of the county if he or she resides in an unincorporated area."[5] Hove contends this requirement for him to register with the local authorities violates his right of privacy, specifically his right to be left alone.[6]

However, the constitutional right of privacy is not absolute. Reasonable limitations that do not unduly burden that right are valid. (*Wilkinson* v. *Times*

---

[2]All statutory references are to the Health and Safety Code unless otherwise specified.

[3]Article I, section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

[4]The underlying facts of Hove's conviction need not be recited since he is only challenging the legal validity of section 11590.

[5]Section 11593 requires the court to inform a probationer of his/her duty to register under section 11590.

[6]The Attorney General first analyzes this issue within the context of whether the registration requirement is a valid probation condition and whether the trial court properly exercised its discretion in imposing it. This analysis, however, misses the mark, because the standard

*Mirror Corp.* (1989) 215 Cal.App.3d 1034, 1046-1051 [264 Cal.Rptr. 194.) Even if the challenged conduct has some impact on the right of privacy, as long as that right is not substantially burdened or affected, justification by a compelling interest is not required; the operative question is whether such conduct is reasonable. (*Id.* at p. 1047.) ▌ Here, although the registration requirement does intrude on Hove's right of privacy, it does not substantially burden that right. Hove argues that under section 11590, he is subject to the "possibility of a continued surveillance" by local police authorities without probable cause. He asserts the registration requirement promotes snooping and necessarily entails the compiling of unnecessary and secret police dossiers on individuals who are required to register. However, mere speculation that registration makes the offender more readily available to surveillance does not establish it would substantially burden Hove's right of privacy.

A similar claim was made and rejected in the context of the compulsory registration of known sex offenders under Penal Code section 290. (*People v. Mills* (1978) 81 Cal.App.3d 171, 177 [146 Cal.Rptr. 411].) The court in *Mills* stated they were not prepared to accede to such undocumented and generalized contentions, characterizing them as "at best, most debatable points" which should be addressed by the Legislature. (*Ibid.*)

The registration requirement under section 11590 is analogous to the challenge to the compulsory registration of known sex offenders under a right of privacy claim. The court in *Mills* noted:

"[T]he Legislature has the rational basis for the collection and maintenance of information concerning convicted sex offenders. The retention of such information, its public availability to a degree, invades [the defendant's] right to privacy; yet it is proper and in the exercise of the state's fundamental right to enact laws which promote public health, welfare and safety." (*People v. Mills, supra,* 81 Cal.App.3d at p. 181.)

We discern a rational legislative basis for collecting and maintaining information concerning the whereabouts of drug offenders convicted of certain more serious drug offenses, such as possessing marijuana for sale. Retaining such information is properly within the exercise of the state's right to enact laws promoting public health, welfare and safety, by permitting

---

probation condition included here that Hove obey all laws necessarily encompasses the section 11590 requirement to register of which the court is obligated to inform him under section 11593.

local police to keep track of the identities and locations of drug offenders in the community.[7]

Further, a presumption of constitutionality attends section 11590. ▪ "[T]he validity of [legislative] enactments will not be questioned 'unless their unconstitutionality clearly, positively, and unmistakably appears.' " (*People* v. *Wingo* (1975) 14 Cal.3d 169, 174 [534 P.2d 1001].) "Courts should tread lightly when approaching matters within the unique province of the Legislature. The definition of crime and the determination of punishment are foremost among those matters that fall within the legislative domain." (*People* v. *Mills, supra,* 81 Cal.App.3d at pp. 176-177.)

▪ Finally, the registration requirement is reasonable in light of the offense and the danger to society. Possessing marijuana for sale is analogous to cultivating marijuana in that it is the beginning of a process which ultimately places an illegal substance in the hands of a great number of consumers. (*People* v. *Kun* (1987) 195 Cal.App.3d 370, 375 [240 Cal.Rptr. 564].) Hove was found possessing six and one-half pounds of marijuana. Given the quantity of marijuana found, the offense and the offender present a significant danger to society.

## II

### PENAL CODE SECTION 654 DOES NOT BAR IMPOSING THE REGISTRATION REQUIREMENT*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Wiener, Acting P. J., and Benke, J., concurred.

A petition for a rehearing was denied July 10, 1992, and appellant's petition for review by the Supreme Court was denied September 16, 1992.

---

[7]Moreover, the registration requirement is designed to minimize the intrusion into individual privacy. Section 11594 provides that information contained in the section 11590 registration shall not be open to inspection by the public or by any person other than a regularly employed peace officer or other law enforcement officer.

*See footnote 1, *ante,* page 1003.