[No. H037871. Sixth Dist. Oct. 24, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTÓNIO BRANDÃO, Defendant and Appellant.

**COUNSEL**

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Attorney General, Catherine A. Rivlin and Gregg E. Zywicke, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MÁRQUEZ, J.**—Defendant António Brandão pleaded no contest to possessing methamphetamine, a felony offense. Nothing in the record indicates that defendant has any gang affiliations or other gang-related history, nor did the underlying offense have anything to do with a gang. On appeal, he claims that the trial court erred by imposing a no-gang-contact probation condition on him. We agree. We will modify the probation condition and, with that modification, affirm the judgment.

## PROCEDURAL BACKGROUND

Defendant pleaded no contest to violating subdivision (a) of Health and Safety Code section 11377 by possessing methamphetamine. The trial court suspended imposition of sentence and placed defendant on three years' formal probation, including a condition that he not knowingly associate with any gang members.

The probation report proposed imposing the following no-gang-contact condition: "Not associate with any individuals you know or are told by the Probation Officer to be gang members, drug users, or [people] on any form of probation or parole supervision."

The report stated that defendant had never been involved with any criminal street gangs, nor did he have any family members who associated with such

groups. Whether this information came from independent research, defendant's statement, or both is unclear. The report shows that defendant has a criminal record, but none of the offenses in his record appear to be gang related. Accordingly, at sentencing, defense counsel objected to having any no-gang-contact probation condition imposed. "[T]here is no [gang] nexus in this case," counsel asserted.

The trial court replied that "the Court's position generally is that we don't want him hanging around gang members, whether he's a gang person or not." The court continued, "the reason that we have this kind of condition is to keep him out of trouble, don't hang around with the wrong crowd. So, it's not saying anything about his associations, except his future associations aren't going to be with those people."

Accordingly, the trial court imposed the following condition: "Not associate with any individuals you know or are told by the Probation Officer to be gang members, drug users, or [people] on any form of probation or parole supervision, except [for] family members subject to the discretion of the Probation Officer."

## FACTS

Because defendant pleaded no contest, we take the facts from the probation report.

On November 20, 2011, a sheriff's deputy ran a records check on defendant's car, which he was operating at the time. The car's license plate appeared to have a valid registration sticker, but the records showed that the registration had expired. The deputy stopped defendant and, after further investigation at the scene, arrested him for displaying the invalid sticker (Veh. Code, §§ 4462, subd. (b), 4462.5, 4853), operating an unregistered vehicle (id., § 4000, subd. (a)(1)), possessing 28.5 grams or less of marijuana (Health & Saf. Code, § 11357, subd. (b)), and violating probation (Pen. Code, § 1203.2, subd. (a)). When defendant was booked into jail, the authorities discovered a quantity of methamphetamine on his person, leading to the methamphetamine possession charge to which defendant pleaded no contest. That discovery also led to a charge of bringing methamphetamine into the jail (Pen. Code, § 4573).

## DISCUSSION

On appeal, defendant claims that the trial court infringed on his First Amendment rights and erred under state law in ordering him not to knowingly associate with gang members except under certain limited circumstances.

Before turning to the merits, we must address whether defendant waived or forfeited his right to present the claim in the reviewing courts.

Defendant personally stated his acceptance of all probation conditions in open court, but only after the trial court had overruled counsel's objection to the no-gang-contact provision. Under these circumstances, he has not waived his claim; his "ultimate acceptance of the conditions of probation does not preclude him from challenging them on appeal . . . ." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355, fn. 1 [81 Cal.Rptr.3d 878].) A rule imposing the procedural bar of waiver in these circumstances would impose an intolerable burden, because a criminal defendant would have to reject probation and be committed to prison or jail in order to preserve the ability to appeal the probation condition.

The other procedural question concerns forfeiture. Defense counsel did not mention a constitutional ground for arguing that the no-gang-contact proba-tion condition would be invalid. There is a strict interpretation of the rule of forfeiture under which a probationer "who contends a condition of probation is constitutionally flawed still has an obligation to object to the condition *on that basis* in the trial court in order to preserve the claim on appeal." (*People v. Gardineer* (2000) 79 Cal.App.4th 148, 151 [93 Cal.Rptr.2d 863], italics added.) *Gardineer*'s rule requires not only objection but a listing of any constitutional grounds for the objection. In this case, however, counsel was able only to begin her objection. She uttered scarcely more than a few words before the trial court explained that it was uninterested in a challenge to the no-gang-contact provision.

"The parties must, of course, be given a reasonable opportunity to present any relevant argument and evidence." (*People v. Welch* (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802].) In *In re Antonio C.* (2000) 83 Cal.App.4th 1029 [100 Cal.Rptr.2d 218], when "counsel objected to the gang affiliation probation conditions but not to the condition Antonio challenges on appeal" (*id.* at p. 1033), the court held that the minor had preserved his claim for review because after counsel objected on the different proffered ground, "the court imposed the gang affiliation prohibition conditions without com-ment other than, 'Are you through?' " (*ibid.*). The court here was not unduly brusque, but nevertheless it is not evident that counsel had a chance to fully state the grounds for objection before the court expressed that the subject was closed to further debate. Under these circumstances, this case does not fall within *Gardineer*'s ambit. Defendant preserved his claim for review because his counsel's "timely objection allow[ed] the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case." (*Welch, supra*, at p. 235.)

There being no procedural bar of waiver or forfeiture, we turn to the merits.

A reviewing court reviews a trial court's imposition of a probation condition under one of two different standards. The applicable standard depends on the condition's effect on a defendant's civil liberties. " '[A] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 384 [87 Cal.Rptr.3d 199, 198 P.3d 1].)[1] All others are reviewed for abuse of discretion, i.e., "[w]e do not apply such close scrutiny in the absence of a showing that the probation condition infringes upon a constitutional right . . . [and] absent such a showing . . . simply review[] such a condition for abuse of discretion, that is, for an indication that the condition is 'arbitrary or capricious' or otherwise exceeds the bounds of reason under the circumstances." (*Olguin*, at p. 384.) The court may "impose conditions to foster rehabilitation and to protect public safety." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120 [43 Cal.Rptr.2d 681, 899 P.2d 67].)

Even under the more relaxed abuse-of-discretion test for probation conditions that do not impinge on a constitutional right, the court's discretion is confined by decisional law and by statute. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624 [78 Cal.Rptr.2d 66].)

In *In re Babak S.* (1993) 18 Cal.App.4th 1077 [22 Cal.Rptr.2d 893], this court summarized the range of a court's discretion as broad but not unlimited. A "condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].) "Stated another way," we explained in *Babak S.*, " 'a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct

---

[1] *Olguin* may be understood as allowing for a degree of discretion when constitutional considerations arise, but one that is more confined than the usual abuse-of-discretion standard under state law, which is often referred to as a trial court determination that " ' "falls outside the bounds of reason." ' " (*People v. Fuiava* (2012) 53 Cal.4th 622, 663 [137 Cal.Rptr.3d 147, 269 P.3d 568].) *People v. O'Neil, supra*, 165 Cal.App.4th 1351, took this view, stating that when a probation condition has constitutional implications, judicial discretion remains but is further delimited. "Judicial discretion to set conditions of probation is further circumscribed by constitutional considerations. [Citation.] 'The [state law] test of the validity of a condition of probation may be supplemented by a second level of scrutiny: where an otherwise valid condition of probation impinges on constitutional rights, such conditions must be carefully tailored, " 'reasonably related to the compelling state interest in reformation and rehabilitation . . . .' " ' " (*Id.* at p. 1356.)

is reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*In re Babak S., supra*, 18 Cal.App.4th at p. 1084, quoting *Lent*, at p. 486; see *People v. Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290] [on which *Lent* also relied].)

Although *People v. Lent, supra*, 15 Cal.3d 481, is almost 40 years old, the *Lent* criteria remain valid.[2] (See *People v. Olguin, supra*, 45 Cal.4th at p. 379.)

█ The other state law direction to the courts, this one concerning adult probationers, is found in subdivision (j) of Penal Code section 1203.1. It provides in relevant part that in granting probation "[t]he court may impose and require any or all . . . [authorized] terms of imprisonment, fine, and conditions, and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law[ and] for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ." Much like the authority described by case law relating to probation conditions, this statutorily based grant of authority is broad but not unlimited. A probation condition may be imposed to do justice, to repay the offender's debt to society, to compensate a victim, or to rehabilitate or reform the probationer.

█ The trial court felt that imposing the no-gang-contact condition would help forestall the risk of future criminal behavior. What the law authorizes, however, are probation conditions that, if not tied to the crime or crimes adjudicated in the current proceeding and not intended to restrict noncriminal behavior, are conditions " '*reasonably* related to . . . future criminality.' " (*People v. Lent, supra*, 15 Cal.3d at p. 486, italics added.) When a probation condition "lack[s] any reasonable nexus to . . . present or future criminality" (*In re Babak S., supra*, 18 Cal.App.4th at p. 1085), there is "no reasonable basis for sustaining [the] condition" (*ibid.*).

Not every probation condition bearing a remote, attenuated, tangential, or diaphanous connection to future criminal conduct can be considered reasonable. Because it is undisputed that the no-gang-contact probation condition imposed here involves noncriminal conduct and has no connection to the crime of which defendant was convicted, we must decide whether the condition is *reasonably* related to a risk that defendant will reoffend.

---

[2] *Lent* was, however, superseded on another ground by a voter-enacted proposition as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290–295 [14 Cal.Rptr.2d 418, 841 P.2d 938].

Although the concept of reasonableness is inevitably imprecise, it is fundamental to the law, because courts are called upon to make judgments based on long experience with evaluating human affairs and conduct. "As the Supreme Court said in *Go-Bart Importing Co.* v. *United States* (1931) 282 U.S. 344, 357 [75 L.Ed. 374, 51 S.Ct. 153], '[t]here is no formula for the determination of reasonableness.' Yet standards of this kind are not impermissibly vague, provided their meaning can be objectively ascertained by reference to common experiences of mankind." (*People v. Daniels* (1969) 71 Cal.2d 1119, 1129 [80 Cal.Rptr. 897, 459 P.2d 225].)

The People do not identify any cases in which a restrictive probation condition, such as the one at issue here, was upheld despite having no connection to either the crime or the probationer. Nor has our research found any California decisions so holding. "This demonstrates," defendant asserts, that "there most likely is not one." He urges that this "not be the first."

In the key case of *People v. Lopez, supra,* 66 Cal.App.4th 615, the court upheld a no-gang-contact probation condition where the crime to which the probationer pleaded guilty, absconding with a vehicle in violation of Vehicle Code section 10851 (66 Cal.App.4th at p. 621), was not gang related (see *Lopez, supra,* at p. 623). Nor was it obvious that the two other crimes that the complaint charged him with, grand theft of a vehicle in violation of Penal Code section 487 and receipt of stolen property in violation of Penal Code section 496 (*Lopez, supra,* at p. 621), were gang related. But according to the probation report in that case, the probationer was a member of the Norteño criminal street gang (*id.* at pp. 622, 626; see *id.* at p. 623), and the court observed, unremarkably, that "[t]he path from gang associations to criminal gang activity is open to adults as well as to minor" (*id.* at p. 625). In dictum, it stated that the probationer's gang ties sufficed to validate the condition, even if those ties lay in the past. And in describing legal precedents, it commented, "[w]hether the [probationer] was currently connected with a gang has not been critical." (*Id.* at p. 624.)

Unlike the facts of *Lopez* or any other case that our research has brought to light, there is nothing in the record to suggest that defendant has any current or prior ties to any criminal street gangs; that a family member has criminal involvement that may justify a restrictive probation condition related to that involvement (*In re Peeler* (1968) 266 Cal.App.2d 483, 486–488, 492–493 [72 Cal.Rptr. 254]); or that defendant's current offense is or his prior offenses were gang related.[3]

---

[3] *People v. Lopez, supra,* 66 Cal.App.4th 615, also opined that the no-gang-contact probation condition was properly imposed "as a 'standard' condition." (*Id.* at p. 637.) As support for that statement, however, it cited cases—some of which are also cited by the People here—that

Unable to point to anything in the record that would show that defendant has current or prior gang affiliations or that his current crime is or any prior crimes were gang related, the People note his criminal record and assert that associating with gang members "could easily lead to appellant's slide down the recidivist ladder. Although the record does not show any evidence connecting appellant to gangs, his criminal history mirrors that of many gang members." By this the People mean that defendant has "a lengthy criminal history." This history, they argue, "supports . . . limitations on appellant's freedom [to have contact with] with . . . gang members . . . who would undoubtedly contribute to appellant's downfall."

In fact defendant's criminal history does not mirror that of many gang members. Defendant has a record of committing several offenses, some less serious felonies and some misdemeanors, dating back to the year 2000. None is obviously gang related. For example, in the year 2000, defendant was convicted of violating Fish and Game Code section 2000, meaning that he poached game.

■ Our holding is narrow. In our view, a no-gang-contact probation condition cannot be imposed on defendant here, given that the record divulges (1) no ties between defendant and any criminal street gang, (2) no such ties involving any member of defendant's family, and (3) no criminal history showing or strongly suggesting a gang tie. Not only is such a probation condition not *reasonably* related to future criminality under *People v. Lent, supra*, 15 Cal.3d 481, but it also does not fall within Penal Code section 1203.1's grant of authority, which authorizes imposing probation conditions to do justice, to repay the offender's debt to society, to

---

prohibited probationers from contacting categories of nefarious people to whom the probationer or the probationer's crime had some kind of tie. (*Ibid.*, citing *In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1500–1501 [281 Cal.Rptr. 6], disapproved on another ground in *In re Sade C.* (1996) 13 Cal.4th 952, 962, fn. 2 [55 Cal.Rptr.2d 771, 920 P.2d 716] [challenge to gang-related probation conditions, but "both minors admitted they had friends who were members of the Crips [criminal street] gang and Laylah admitted [that] one of the girls with them during this offense was a Crips member"]; see *In re Michael D.* (1989) 214 Cal.App.3d 1610, 1616, 1617 [264 Cal.Rptr. 476] [admitted member of criminal street gang who was adjudicated to have committed criminal conduct for gang purposes ordered to avoid known locations where gangs gather]; *U.S. v. Showalter* (7th Cir. 1991) 933 F.2d 573, 574–576 [White supremacist forbidden to associate with "skinheads" and neo-Nazis]; *Malone v. U.S.* (9th Cir. 1974) 502 F.2d 554, 555–556 [impassioned supporter of the Irish republican cause, convicted of running arms to the United Kingdom from the U.S., forbidden to associate with a range of Irish-identified institutions].)

We reemphasize that this case is unlike *Lopez* or any of the cases cited in support of *Lopez's* idea that forbidding contact with members of criminal street gangs is a "standard" condition, evidently meaning a condition long approved and not easily challenged (*People v. Lopez, supra*, 66 Cal.App.4th at p. 637; see *People v. Hove* (1992) 7 Cal.App.4th 1003, 1005, fn. 6 [9 Cal.Rptr.2d 295]; *Malone v. U.S., supra*, 502 F.2d at p. 556), because the record here contains no evidence of criminal street gang involvement or gang-related crimes by defendant.

compensate a victim, or to rehabilitate or reform the probationer (*id.*, subd. (j)). To be sure, making contact with members of criminal street gangs could be deleterious to defendant. But given the dictates of *People v. Lent, supra*, 15 Cal.3d 481 and subdivision (j) of Penal Code section 1203.1, the trial court's determination cannot be sustained.

The People argue that a probation condition must be upheld if it has any possible beneficent effect, even when the condition lacks a reasonable connection to a criminal defendant's background or crimes, or the defendant's prospects as related to the defendant's background or crimes. We disagree. If the courts could forbid probationers from having contact with any person or entity that could conceivably tempt an individual to stray from the path of the straight and narrow, they could forbid probationers to watch violent television programs and movies; to play violent video games, which our Legislature has determined to have malign influences on minors (Civ. Code, §§ 1746–1746.5, held unconstitutional in *Brown v. Entertainment Merchants Assn.* (2011) 564 U.S. ___, ___, ___ [180 L.Ed.2d 708, 131 S.Ct. 2729, 2732, 2742]); to read works ranging from comic books to classical literature that contain violent or antisocial themes (see *id.* at pp. ___–___ [131 S.Ct. at pp. 2736–2737]); or to eat foods to which some have ascribed crime-inducing effects (Covey, *Temporary Insanity: The Strange Life and Times of the Perfect Defense* (2011) 91 B.U. L.Rev. 1597, 1601, fn. 18 [referring to the "junk-food overdose defense"]). Our guides must be *People v. Lent, supra*, 15 Cal.3d 481, and subdivision (j) of Penal Code section 1203.1, and we read them as stopping short of authorizing conditions to shield probationers from exposure to people and circumstances that are less than ideal but are nonetheless unrelated to defendant's current or prior offenses or any factor suggesting a risk of future criminal conduct.

Because we apply state law to grant defendant the relief he seeks, we need not explore his claim that the probation condition violates his right peaceably to assemble under the First Amendment to the United States Constitution, although we recognize such a claim as cognizable under our precedent (*In re Babak S., supra*, 18 Cal.App.4th at p. 1085).

## DISPOSITION

The conditions of probation are modified as follows: The condition, "Not associate with any individuals you know or are told by the Probation Officer to be gang members, drug users, or on any form of probation or parole supervision, except family members subject to the discretion of the Probation Officer," is amended to read, "Not associate with any individuals you know or are told by the Probation Officer to be drug users or people on any form of

probation or parole supervision, except for family members subject to the discretion of the Probation Officer." With this modification, the judgment is affirmed.

Elia, Acting P. J., and Mihara, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 3, 2013, S207001. Baxter, J., and Chin, J., were of the opinion that the petition should be granted.