Filed 4/19/13  P. v. Silva CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER JOSEPH SILVA,<br><br>    Defendant and Appellant. | H038146<br>(Monterey County<br>Super. Ct. No. SSC110091) |

Defendant Christopher Joseph Silva pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) pursuant to a plea agreement. Following defendant's completion of a residential drug treatment program, the trial court suspended imposition of sentence and placed defendant on probation for three years. On appeal, defendant contends that the trial court erred by imposing gang-related probation conditions. We conclude that some of the probation conditions must be modified. As modified, the order is affirmed.

## I.  Procedural and Factual Background

In April 2011, defendant was a passenger in a car that was stopped for a traffic violation in King City. At that time, defendant was on probation for receiving stolen property (Pen. Code, § 496, subd. (a)), driving under the influence of alcohol or drugs

(Veh. Code, § 23152, subd. (b)), and driving with a suspended license (Veh. Code, § 14601.5, subd. (a)). After defendant was arrested for an unspecified violation of probation, he told the officer that he had a small bindle of methamphetamine in his sock.

In May 2011, defendant was charged with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)). In October 2011, the complaint was amended to add a count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). Defendant then pleaded guilty to possession of methamphetamine in exchange for a promise of probation, dismissal of the original charge, and consideration for treatment under the provisions of Proposition 36.

About a week later, defendant was found ineligible for Proposition 36, but eligible for drug treatment court. In November 2011, defendant was accepted into a drug treatment program, and to remain in custody until a place was available for him in a residential facility. Gang-related probation conditions which had been previously imposed as a condition of "OR" release were continued.

Defendant successfully completed the Sun Street Residential Program and complied with the terms of drug treatment court.

In April 2012, the trial court suspended imposition of sentence and placed defendant on probation for three years. Over a defense objection, the trial court imposed several gang-related probation conditions.

## II. Discussion

Defendant contends that the gang-related probation conditions must be stricken because they require or forbid conduct that is not reasonably related to future criminality.

The probation report recommended imposition of gang-related probation conditions. The basis for this recommendation was as follows: "The defendant has claimed to not associate with any gang. However, Salinas Police Report #09-040326

2

noted his association with an individual who had gang-related tattoos and who admitted to being a Norteno from King City. When the defendant was booked into the Monterey County Jail, he was classified as a Norteno and placed in the active Norteno pod."

At the sentencing hearing, defense counsel objected to the imposition of gang-related probation conditions. He first noted that the drug treatment court had determined that defendant was not an active gang member. He also acknowledged that though the police report in 2009 referred to gang involvement, defendant ultimately pleaded guilty in that case to misdemeanor possession of stolen property with no gang allegations. He argued that defendant's association with a Norteno gang member when he was arrested did not imply that he was a gang member. He further argued that gang-related probation conditions were unnecessary because the drug treatment court would terminate him from the program if it thought he was participating in any gang activity.

The prosecutor argued that defendant's tattoos indicated gang association, he was placed in a Norteno pod in jail, his girlfriend was on probation with "full gang terms," and the court had previously imposed gang-related conditions when it released defendant on his own recognizance.

Defense counsel responded that defendant had broken up with his girlfriend and had not been involved with her since he had been in drug treatment court. He also noted that defendant's tattoos were his last name and the letter "K," and neither were gang tattoos.

The trial court noted that there had been a gang issue in one of defendant's prior cases when defendant wore red in court and to the drug treatment program. The trial court then imposed gang-related conditions Nos. 18, 19, 21, and 22 as requested by the probation officer. These conditions state: (18) "Not be present in any [area you] know,

3

suspect or are told by the Probation [Officer] to be [a] gang-gathering area,"[1] (19) "Not associate with any individuals you know or are told by the Probation Officer to be gang members . . . ," (21) "Not possess, wear, use or display any item you know, suspect, or have been told by the Probation Officer to be associated with membership or affiliation in a gang, including, but not limited to, any insignia, emblem, button, badge, cap, hat, scarf, bandanna, or any article of clothing, hand sign, or paraphernalia to include the color red/blue," and (22) "Do not obtain any new gang related tattooing upon your person while on probation supervision. Defendant shall permit photographing of any tattoos on person by law enforcement."

"We review conditions of probation for abuse of discretion. [Citations.] Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citation.] This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. [Citation.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 379-380.)

Defendant argues that "there is an insufficient nexus between the prohibited conduct and the goal of deterring criminal conduct."

In *People v. Brandao* (2012) 210 Cal.App.4th 568, this court recently considered whether a no-gang-contact probation condition was "*reasonably* related to a risk that defendant will reoffend." (*Id.* at p. 574.) This court held that the trial court erred by

---

[1]  The bracketed portions of this condition are from the probation officer's recommendation as to this condition. It appears that the omissions from the minute order as to these parts of the order are typographical errors.

4

imposing the challenged condition, because "the record divulge[d] (1) no ties between defendant and any criminal street gang, (2) no such ties involving any member of defendant's family, and (3) no criminal history showing or strongly suggesting a gang tie." (*Id.* at p. 576.)

Unlike in *Brandao*, here, there were ties between defendant and a criminal street gang. Defendant had previously engaged in criminal activity with a Norteno gang member and he was housed in the active Norteno pod in jail. He had also been involved recently with a woman who was subject to gang-related probation conditions. Moreover, as the trial court commented, there had been a gang issue in one of defendant's prior cases when he wore red in court and to the drug treatment program. Thus, the gang-related probation conditions were reasonably related to a risk that defendant would reoffend.

Defendant also contends, and the Attorney General concedes, that the word "suspect" in probation conditions Nos. 18, 19, 20, and 21 is unconstitutionally vague.[2] We agree.

As this court explained in *People v. Gabriel* (2010) 189 Cal.App.4th 1070 (*Gabriel*), "[t]o 'suspect' is 'to imagine (one) to be guilty or culpable on slight evidence or without proof' or 'to imagine to exist or be true, likely, or probable.' (Merriam-Webster's Collegiate Dict. (10th ed.1999) p. 1187 (*Webster's*).) To 'imagine' is 'to form a notion of without sufficient basis.' (*Webster's,* at p. 578.) Given this lack of specificity, the word 'suspect' fails to provide defendant with adequate notice of what is expected of him when he lacks actual knowledge that a person is a gang member, drug

---

[2] There is some ambiguity as to probation condition No. 19. As set forth in the probation report, it contains the verb "suspect." However, as described in the minute order, it does not. At the sentencing hearing, the trial court referred to "19." For the sake of clarity, we include defendant's challenge to the condition as stated in the probation report.

5

user, or on probation or parole. Moreover, inclusion of this word renders the condition insufficiently precise for a court to determine whether a violation has occurred." (*Gabriel,* at p. 1073.)

Condition No. 19 is identical to the probation condition at issue in *Gabriel*, and thus it must be modified. The same rationale applies to probation condition Nos. 18, 20, and 21. Thus, each of these probation conditions must be modified to delete the word "suspect."

### III. Disposition

The following probation conditions are modified to read: (18) "Not be present in any area you know or are told by the Probation Officer to be a gang-gathering area," (19) "Not associate with any individuals you know or are told by the Probation Officer to be gang members . . . ," (20) "Not remain in any vehicle either as a passenger or driver which you know to be stolen or to contain any firearms or illegal weapon," and (21) "Not possess, wear, use or display any item you know or have been told by the Probation Officer to be associated with membership or affiliation in a gang, including, but not limited to, any insignia, emblem, button, badge, cap, hat, scarf, bandanna, or any article of clothing, hand sign, or paraphernalia to include the color red/blue." As modified, the order is affirmed.

_____

Mihara, J.

WE CONCUR:

_____

Premo, Acting P. J.

_____

Grover, J.

7