Filed 6/27/13  P. v. Castro CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038558 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS120892A) |
| v. | |
| FRANCISCO CRUZ CASTRO, | |
| Defendant and Appellant. | |

Defendant Francisco Cruz Castro appeals after pleading no contest to possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  He was placed on probation with imposition of sentence suspended.

On appeal, defendant contends the trial court erred by denying his motion to reduce his felony conviction to a misdemeanor pursuant to Penal Code section 17, subdivision (b) (hereafter section 17(b)) and by imposing gang-related conditions of probation.  He also contends trial counsel was ineffective for failing to seek a ruling on the section 17(b) motion.

For the reasons stated below, we will reverse the judgment and remand for a ruling on defendant's section 17(b) motion.

## BACKGROUND

During a traffic stop on May 13, 2012, defendant was found to have been driving without a license. He had a "meth pipe" in his pocket. A bottle containing five bindles of methamphetamine was found in the center console of the vehicle. Defendant claimed the methamphetamine did not belong to him, speculating that "his cousin must have left it." Defendant later told the probation officer that he believed the methamphetamine was thrown inside the car after "someone" broke one of the car's windows.

The District Attorney filed a complaint charging defendant with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)), and driving without a license (Veh. Code, § 12500, subd. (a)). After a preliminary hearing, the complaint was deemed the information.

On June 7, 2012, the prosecution moved to add a fourth count, possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). Defendant then pleaded no contest to that count, and the trial court dismissed the other three counts. On the waiver of rights form, the parties and trial court indicated that the agreement was for the following sentence: "felony probation top, possible 17(b) at sentencing."

At the change-of-plea hearing on June 7, 2012, trial counsel referred to prior plea discussions, noting "that the Court stated the Court would entertain a 17 (b) motion at the time of sentencing." The trial court responded, "You are right." The prosecutor stated, "That was the agreement that it would be a plea to an 11377 top as a felony."

The probation report did not specifically address the section 17(b) issue. It noted, "The conditional plea indicates the defendant is to receive a grant of Felony Probation Top." It recommended defendant "be placed on Formal Probation" under a number of conditions, including conditions barring him from associating with gang members.

A sentencing hearing was held on July 10, 2012 in front of the same judge who had presided at the change-of-plea hearing. However, defendant was represented by a

2

different deputy public defender, and there was a different prosecutor. Trial counsel asked "if the Court would consider a 17 (b) in this case." The trial court asked the prosecutor for his "thought on a 17 (b)." The prosecutor responded, "We are objecting to that. If there was going to be a 17 (b), they would have been upfront when the other terms were put into place. Submit on the recommendation of the probation officer, and we do oppose the 17 (b)."

The trial court noted that there was "an ICE hold" on defendant and then asked if defendant had reviewed the recommended terms and conditions of probation. The trial court then indicated it was placing defendant "on a three-year formal probation" under the recommended terms and conditions. The trial court made no express ruling on defendant's section 17(b) motion.

## DISCUSSION

### A.  *Section 17(b) Motion*

Defendant contends the trial court erred by denying his motion to reduce his felony conviction to a misdemeanor pursuant to section 17(b). He argues that the trial court did not exercise its discretion based on the facts of his case, because it "accepted the district attorney's allegation that the offense could not be reduced to a felony because of the negotiated plea agreement."

Section 17(b) provides: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

The trial court possesses broad discretion to reduce a wobbler to a misdemeanor pursuant to section 17(b). (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) In exercising this discretion, the court should examine the nature and circumstances of the offense, the defendant's attitude toward the offense, the defendant's behavior in court, and the general sentencing objectives set forth in California Rules of Court, rule 4.410. (*Id.* at p. 978.) When the trial court has denied a defendant's section 17(b) motion, we presume the trial court considered the relevant sentencing criteria unless the record affirmatively demonstrates otherwise. (*Id.* at p. 977.)

In this case, the trial court did not expressly rule on defendant's section 17(b) motion. Instead, it proceeded to sentencing after the prosecutor indicated he believed the terms of the plea barred a reduction of the offense. On this record, it is unclear whether the trial court (1) denied defendant's motion because of the relevant sentencing criteria, or (2) failed to consider defendant's motion because of the prosecutor's representations, which were not contradicted by trial counsel. Since the trial court did not state whether it was denying the section 17(b) motion or declining to consider it, we must remand so the trial court can clarify the ambiguity and make an express ruling. (See *People v. Clancey* (2013) 56 Cal.4th 562 [remand required where record was ambiguous as to whether the trial court's indicated sentence was an improper inducement for defendant to enter a plea].)

### B. *Probation Conditions*

Defendant contends the trial court erred by imposing gang-related probation conditions. He claims these conditions had no nexus to his offense and are not reasonably related to preventing future criminality. For guidance on remand, we address defendant's argument.

#### 1. Probation Report

The probation report addressed the issue of defendant's gang involvement, stating: "Jail records indicate that upon being booked into custody, the defendant advised he

associates with the Sureno criminal street gang. As such, he was subsequently housed in a jail dormitory populated exclusively by Sureno gang members and their associates. During his probation interview, the defendant acknowledged he associates with Sureno gang members and stated they are 'his friends.' His tattoos include 'Cruz' across the back of his neck; two stars next to his right ear; a rosary with a cross around his neck; 'My Crazy Life,' in Spanish across his chest, with pictures of a clown and a star to either side; a picture of a clown on his left arm that says 'Love Hurts,' in Spanish; 'praying hands' and a star on his right hand, and, a picture of a spider web and a 'falling star,' on his left arm."

The probation officer explained why she was recommending gang-related conditions of probation: "Gang terms are also included as the defendant appears to be an active associate of the Sureno criminal street gang. It is a known fact that gang members sell narcotics to fund criminal activity in the community and that they associate with other drug users. As such, prohibitions against association with gang members and other drug users during his probation grant will hopefully assist him in successfully completing a grant of Felony Probation."

### 2. Probation Conditions

The trial court imposed the following gang-related probation conditions:

"Not visit or remain in any area you know, have reason to know, or are told by the Probation Officer to be a gang-gathering area. (The term 'gang' in these conditions of probation refers to 'criminal street gang' as defined in PC § 186.22.)

"Not associate with any individuals you know, have reason to know, or are told by the Probation Officer to be gang members, drug users, or on any form of probation or parole supervision.

"Not possess, wear, use or display any item you know, have reason to know, or have been told by the Probation Officer to be associated with membership or affiliation in a gang, including, but not limited to, any insignia, emblem, button, badge, cap, hat, scarf,

5

bandanna, or any article of clothing, hand sign, or paraphernalia to include the colors red and blue.

"Do not obtain any new tattooing upon your person while on probation supervision. You shall permit photographing of any tattoos on your person by law enforcement."

### 3. Sentencing Hearing

Defendant objected to the gang-related probation conditions at sentencing on July 10, 2012. He argued: "There is no nexus to the violation of Health & Safety Code case. [¶] Second of all, [defendant] stated that despite a probation report that he was involved in a gang, he was not involved with the Surenos. He stated he only had one friend who was involved in a gang, and he – [defendant] has never been a gang member[.]"

The trial court asked whether defendant's tattoos were gang-related. The probation officer responded that she had seen " 'my crazy life' " tattooed on other gang members. She could not say that any of defendant's other tattoos were gang-related.

The probation officer reiterated that according to information from the jail, defendant "did admit to being a Sureno gang member." She continued, "[Defendant] had some hesitation with being housed with the local Sureno gang members, because he was hesitant whether or not they would accept him, but he did admit he was a gang member."

The prosecutor remarked, "Looks like he is housed in the general population." Trial counsel noted that Sureños can be housed in the general population but would be identified by "the orange band on their wrist," and that defendant did not have such a wristband. The trial court noted that the prosecution had already acknowledged that defendant was "in the general population."

The trial court next asked whether defendant had admitted gang membership. Trial counsel said defendant claimed he had not made that admission. The trial court then imposed the gang-related probation conditions.

6

### 4.  Analysis

"We review conditions of probation for abuse of discretion.  [Citations.] Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . ." [Citation.]'  [Citation.]  This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.]  As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality.  [Citation.]"  (*People v. Olguin* (2008) 45 Cal.4th 375, 379-380.)

Defendant compares this case to *People v. Brandão* (2012) 210 Cal.App.4th 568 (*Brandão*).  In *Brandão*, this court recently considered whether a no-gang-contact probation condition was "*reasonably* related to a risk that defendant will reoffend."  (*Id.* at p. 574.)  As in this case, the *Brandão* defendant was convicted, by no contest plea, of possessing methamphetamine.  (*Id.* at p. 570.)  Unlike in this case, however, the probation report in *Brandão* stated that the defendant "had never been involved with any criminal street gangs."  (*Ibid.*)  This court held that the trial court erred by imposing a gang-related probation condition, because "the record divulge[d] (1) no ties between defendant and any criminal street gang, (2) no such ties involving any member of defendant's family, and (3) no criminal history showing or strongly suggesting a gang tie."  (*Id.* at p. 576.)

Unlike in *Brandão,* here the record supports the trial court's determination that there were ties between defendant and a criminal street gang.  The probation report reflected that defendant told the probation officer "he associates with Sureno gang members and stated they are 'his friends.' "  Although defendant later denied this connection at the sentencing hearing, the trial court was not required to believe him.

7

This case is more similar to *People v. Lopez* (1998) 66 Cal.App.4th 615 (*Lopez*), in which the court upheld a no-gang-contact probation condition. In *Lopez,* the defendant pleaded guilty to vehicle theft, but nothing in the record suggested that crime (or any of the other crimes with which he was originally charged) was gang-related. However, according to the probation report in that case, the defendant had admitted being a member of the Norteño criminal street gang. (*Id.* at p. 622.) The *Lopez* court observed that " '[a]ssociation with gang members is the first step of involvement in gang activity' " (*id.* at p. 624) and thus that the trial court could reasonably find that "Lopez's disassociation from gang-connected activities was an essential element of any probationary effort at rehabilitation because it would insulate him from a source of temptation to continue to pursue a criminal lifestyle." (*Id.* at p. 626.)

Here, defendant likewise admitted association with a gang. Thus, the gang-related probation conditions promoted "rehabilitation and public safety by forbidding conduct reasonably related to future criminality. [Citation.]" (*Lopez, supra,* 66 Cal.App.4th at p. 626.)

## DISPOSITION

The judgment is reversed and remanded for resentencing. On remand, the trial court shall make an express ruling on defendant's Penal Code section 17, subdivision (b) motion.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MÁRQUEZ, J.