Filed 8/28/25  In re D.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re D.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.M.,<br><br>        Defendant and Appellant. | E085138<br><br>(Super.Ct.No. J301481)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Geraldine Williams, Judge.  Affirmed with modifications.

Annie Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Liz Olukoya, Deputy Attorneys General, for Plaintiff and Respondent.

1

A juvenile court placed appellant D.M.[1] (minor) on probation pursuant to Welfare and Institutions Code[2] section 725, subdivision (a), under specified conditions. He now requests this court to strike the probation conditions that prohibited him from associating with gang members and possessing or owning any weapons. We conclude that one of the conditions should be stricken and the other one modified. In all other respects, we affirm the order granting probation.

FACTUAL AND PROCEDURAL BACKGROUND

At approximately 5:40pm on December 8, 2023, D.N. (the victim) was at school on her phone with her boyfriend, when appellant and his two friends, T.D. and B.P.[3], came through the school gate. The victim knew the three boys through friends and testified that she went out to a fast-food place with them about one week prior. Appellant shined a flashlight at the victim, and B.P. ran towards her. The victim ran away to the stairs. B.P. grabbed the victim's arm but let go and cussed at her. Then appellant came to the stairs, still holding the flashlight. Appellant and B.P. asked the victim who she was talking to, and they proceeded to hang up her phone. B.P. tried to push the victim onto

---

[1] Appellant was a minor at the time of the offense. He later turned 18 years of age shortly after the date of the offense.

[2] All further statutory references will be to the Welfare and Institutions Code, unless otherwise indicated.

[3] At the hearing, the record reflects that appellant's friend was initially referred to as P.B. The probation report also referred to him as P.B. However, his name was later corrected to be B.P. For purposes of this opinion, we will refer to him as B.P.

the stairs but was unsuccessful.  Appellant pushed her onto the stairs, and he and B.P. then hovered over her and made grinding motions with their hips and moaning sounds.

The victim testified that appellant's flashlight hit her twice on the head.  She felt pain and tried to get up, and then appellant and B.P. backed away.  The victim told them she was going to leave.  B.P. grabbed the backpack off her back and appellant cussed at her.  The victim was mad, so she grabbed appellant's backpack and threw it on the ground.  Appellant told her to pick it up, but she refused and said she was leaving.  B.P. returned her backpack to her.  The victim said her ride was there and left.  She testified that she had two bumps on her head from the flashlight and a bruise on her left arm from B.P. grabbing her.

On July 15, 2024, the San Bernardino County District Attorney filed a section 602 petition alleging that appellant committed felony assault by means likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4).)  He was 17 years old at the time of the alleged offense but was 18 years old when the petition was filed.  The court held a bench trial, and after hearing the evidence and counsels' arguments, found that the People did not prove the case beyond a reasonable doubt as to the alleged offense of felony assault by means likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4).  Instead, it found true the lesser included offense of misdemeanor assault (Pen. Code, § 240), stating "Specifically, the Court is relying on the consistent testimony by the complaining witness in this case that [appellant] had pushed her."

3

The court did not adjudge appellant a ward of the court but placed him on non-ward probation pursuant to section 725, subdivision (a), under specified conditions. Probation condition No. 10 stated: "Do not possess, or act like you possess, a dangerous or deadly weapon, including but not limited to any knife, gun, anything that looks like a gun, any part of a gun, ammunition, blackjack, bicycle chain, dagger, or any weapon or explosive substance or device." (Hereinafter, the weapons condition.) Probation condition No. 14 stated: "Do not associate or communicate with your co-participant and anyone you know who is on probation, parole, or a gang member." (Hereinafter, the association condition.)

## DISCUSSION

### I. The Weapons Condition Should Be Stricken

Appellant contends that the probation condition prohibiting him from possessing, or act like he is possessing, a dangerous or deadly weapon is not reasonable under *People v. Lent* (1975) 15 Cal3d 481 (*Lent*) and should be stricken. We agree.

#### A. *Appellant's Counsel Was Ineffective for Failing to Object*

At the outset, we note the People's argument that appellant failed to object to the two challenged probation conditions below and has therefore forfeited his claims on appeal. Appellant contends that his trial counsel rendered ineffective assistance of counsel (IAC) by failing to object to the two probation conditions.

To prove an IAC claim, appellant must establish "*both* of the following: (1) that counsel's representation fell below an objective standard of reasonableness; *and* (2) that

4

there is a reasonable probability that, but for counsel's unprofessional errors, a determination more favorable to defendant would have resulted. [Citations.] If the defendant makes an insufficient showing on either one of these components, the ineffective assistance claim fails." (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126.)

Appellant argues that a reasonably competent attorney would have objected to the two probation conditions since there was no tactical reason not to do so, and the error was prejudicial. He specifically contends that, had his counsel objected, the court would not have imposed the challenged conditions, since they were unreasonable under *Lent.* We agree with defendant that the conditions, as written, were invalid under *Lent*; thus, his counsel rendered IAC. (See *post.*) We will therefore reach the merits of his claims.

B. *Relevant Law*

The juvenile court "has wide discretion to select appropriate conditions and may impose '"any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'"'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) Although courts have broad discretion to set conditions of probation, "the trial court's discretion in setting the conditions of probation is not unbounded." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624 (*Lopez*).) A term of probation is invalid if it: "'(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that

5

conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Lent*, *supra*, 15 Cal.3d at p. 486.)

C. *The Weapons Condition is Not Valid Under Lent*

Defendant contends the weapons condition is invalid under *Lent* because it is not related to his offense, relates to conduct that is not in itself criminal, and is not related to future criminal conduct. We agree.

The People concede that the weapons condition is not related to appellant's offense and that owning or possessing a weapon is not in itself a criminal act. Thus, the key issue for the *Lent* analysis here is whether the weapons condition is reasonably related to future criminality. "What the law authorizes, . . . are probation conditions that, if not tied to the crime or crimes adjudicated in the current proceeding and not intended to restrict noncriminal behavior, are conditions ""*reasonably* related to . . . future criminality."" [Citation] When a probation condition 'lack[s] any reasonable nexus to . . . present or future criminality' [Citation], there is 'no reasonable basis for sustaining [the] condition' (*ibid.*)." (*People v. Brandão* (2012) 210 Cal. App. 4th 568, 574 (*Brandão*).) Further, "in planning the conditions of appellant's supervision, the juvenile court must consider not only the circumstances of the crime but also the minor's entire social history." (*In re Todd L.* (1980) 113 Cal.App.3d 14, 20 (*Todd L.*).)

Appellant contends the weapons condition is not related to future criminality because the offense the court found true did not involve a weapon and because he has no prior record. He also argues that the weapons condition is not related to future

6

criminality because he wants to join the Air Force, which would be in his best interest. He claims the weapons condition "and possibly a long-term ban" could affect his ability to enter the Air Force.

The People argue the weapons condition is related to future criminality because appellant's assaultive behavior of pushing the victim, thrusting his hips over her, and essentially bullying her, were "consideration[s] the court had when imposing" the condition. The People also point out the victim testified that appellant hit her over the head with his flashlight, and that he and B.P. "would often 'mess with her' by pushing or shoving her, hitting her in the arm or calling her names." The People additionally assert that "appellant's associations with negative influences is a factor that weighs in favor of future criminality" and that B.P. was "arguably the primary perpetrator" and appellant "followed his lead." The People claim that "in light of these facts, it was reasonable for the juvenile court to conclude that imposing a weapons condition would enhance the supervision of appellant and ensure his compliance with the law and other probation terms."

It is unclear how the "associations with negative influences" the People refer to, or any of the other factors the People point to, demonstrate that the weapons condition is related to appellant's future criminality. Further, the People assert that the victim testified that appellant hit her over the head with a flashlight. However, she actually testified that "[appellant's] flashlight hit [her] twice in the head." Notably, after evaluating the evidence, the court did *not* find true the allegation that appellant

7

committed felony assault by means likely to produce great bodily injury, as alleged in the petition, but instead found that he committed misdemeanor assault. The court stated that, in making its true finding, it specifically relied on the victim's testimony that appellant pushed her. In other words, the court did not find that appellant hit the victim with a flashlight.

Moreover, appellant's pushing of the victim did not involve a weapon; therefore, the weapons condition is not related to his offense, and there is no indication that prohibiting him from possessing or acting like he is possessing weapons is reasonably related to future criminality. Nothing in the record indicates appellant had any history of using weapons to commit or facilitate criminal conduct. In fact, the probation report states that he had no previous arrests or any criminal history.

The probation report further states that appellant graduated from high school, completed all requirements to enlist in the Air Force, and had a date to "ship out into the Air Force." Also, appellant had a good relationship with his parents and was respectful toward them, and he was working at Dick's Sporting Goods and planned to work there until he left for the Air Force. Appellant's mother confirmed that she and her son got along well, and said she had no problems controlling his behavior, she approved of his friends, he did not associate with gangs, he was responsible for cleaning his room and taking out the trash, she did not discipline him since he was mature enough to make the right decisions, and he did not use illicit drugs or drink alcohol.

In view of the circumstances of appellant's offense, the court's findings, appellant's lack of any criminal history or use of dangerous or deadly weapons, and his social history, we conclude the weapons condition lacks any reasonable nexus to future criminality; thus, there is no reasonable basis for sustaining it. (See *Brandão*, *supra*, 210 Cal. App. 4th at p. 574 and *Todd L., supra,* 113 Cal.App.3d at p. 20.)

## II.  The Association Condition Should Be Modified

Appellant contends the court abused its discretion in imposing the association condition, since there was no evidence that he or his friends were gang members or that the incident was gang related.  The People concede there is nothing in the record to suggest that he or his friends were in a gang but argue that "the heart of the probation condition goes more to ensuring appellant does not associate with the co-participants of the crime or any other negative influence."  In his reply brief, appellant states that he "did not challenge the entire condition; just the prohibition against associating with gang members."  Accordingly, we will modify that portion of the condition only.

When a gang-related probation condition has no connection to the crime of which defendant was convicted, courts must decide whether the condition is reasonably related to a risk that defendant will reoffend. (*Brandão, supra*, 210 Cal.App.4th at p. 574.) Gang-related probation conditions are reasonably related to preventing future criminality when there is evidence of the defendant's affiliation with criminal street gangs. (*In re Edward B.* (2017) 10 Cal.App.5th 1228, 1236 (*Edward B.*).)

9

Again, appellant is only challenging the portion of the condition prohibiting him from associating with gang members. It is undisputed that nothing in the record suggests that he has ties to any criminal street gangs, that any of his family members have gang ties, or that his offense was gang related. (See *Brandão*, *supra*, 210 Cal.App.4th at p. 576.) Thus, the portion of the association condition prohibiting him from associating or communicating with gang members is not tailored to his future criminality. (*Id.* at pp. 576-577; *Edward B, supra,* 10 Cal.App.5th at p. 1236.) Since appellant is only challenging that portion of the association condition, we will only strike that part of the condition. (See *Brandão*, *supra*, 210 Cal.App.4th at pp. 577-578.) Therefore, "Do not associate or communicate with your co-participant and anyone you know who is on probation, parole, or a gang member" is amended to read, "Do not associate or communicate with your co-participant and anyone you know who is on probation or parole."

## DISPOSITION

The weapons condition is hereby stricken.  Further, the association condition is modified to read, "Do not associate or communicate with your co-participant and anyone you know who is on probation or parole."  In all other respects, the order of the juvenile court granting probation is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS          
J.

We concur:

CODRINGTON          
Acting P. J.

RAPHAEL          
J.

11