Filed 8/13/15  P. v. Rodriguez CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RENE PULIDO RODRIGUEZ,<br><br>    Defendant and Appellant. | A142295<br><br>(Solano County<br> Super. Ct. No. VCR218493) |

Defendant Rene Pulido Rodriguez appeals from a judgment entered after he pleaded no contest to the felony offenses of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4) [1]), and false imprisonment by violence, menace, fraud, or deceit (§ 236).  The court suspended imposition of sentence and placed defendant on supervised probation for a term of three years and imposed certain conditions.  Defendant was awarded presentence credit for time served of 531 days, consisting of 321 days actual custody time plus 210 days conduct credit.

On appeal, defendant challenges his sentence, asking us to strike all imposed gang terms.  He also asks us to remand the matter to the trial court with directions to (1) add a knowledge requirement to a no-contact order; (2) enter an order striking the prior prison term allegation on the district attorney's motion, and (3) award an additional 12 days of presentence conduct credit reflecting time defendant spent in a mental hospital after he was declared competent to stand trial until his return to the county jail and to reflect a

---

[1]    All unspecified statutory references are to the Penal Code.

1

total presence credit for time served of 543 days. We conclude the imposition of gang terms as probation conditions was neither unlawful nor unconstitutional. However, we conclude defendant is entitled to the other requested relief. Accordingly, we shall remand the matter to the trial court with directions to amend its June 9, 2014, sentence minute order and order of probation by (1) adding a knowledge requirement to the no-contact order; (2) entering an order striking the prior prison term allegation on the district attorney's motion, and (3) granting an award of an additional 12 days of presentence conduct credit and to reflect a total presentence credit for time served of 543 days. In all other respects, the judgment (the minute order and order of probation) is affirmed.

## FACTUAL AND PROCEDURL BACKGROUND

At a change of plea hearing on May 12, 2014, defendant pleaded no contest to the felony offenses of assault by means of force likely to produce great bodily injury and false imprisonment by violence, menace, fraud or deceit. The factual basis for the plea was a stipulation entered into by the parties at the hearing as follows: On or about July 24, 2013, defendant swung a machete at the victim, which placed the victim in fear of the victim's life. Additionally, defendant kept the victim from leaving a particular area by using the machete, placing the victim in fear of force if the victim left that area. Defendant entered his plea "with the understanding" that the court would strike or dismiss a special allegation that he had served a prior prison term within the meaning of section 667.5, subdivision (b). He also understood that the court would impose a probationary term and that at sentencing he would be released from custody with credit for time served. In the minute order of May 12, 2014, signed by the trial judge, the court granted the district attorney's motion to strike the section "667.5(b) PC prior(s)."

At sentencing, the court, as promised, suspended imposition of sentence and placed defendant on supervised probation for a term of three years. Over defendant's objection, the court imposed certain gang-related probation conditions. The court also issued "no contact orders" directing that defendant (a) not annoy, harass or threaten and (b) have no contact with the victim and a relative who lived with the victim, and (c) remain 100 yards away from the residence where the offenses took place. Defendant

2

was awarded presence credit for time served of 531 days, consisting of 321 days actual custody time plus 210 days conduct credit.

## DISCUSSION

## I. GANG TERMS AS PROBATION CONDITIONS

### A. Relevant Facts

Before sentencing, the probation department submitted a report describing defendant's juvenile and adult criminal history. His juvenile offenses included felony sale or possession of a weapon (former § 12020, subd.(a)(1)), misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and felony purchase or receipt of stolen vehicle or equipment (§ 496d, subd. (a)). As a juvenile, defendant was initially placed on probation with conditions that he participate in an intensive community action program (ICAP). Due to continued criminal activity, drug use, and gang affiliation, defendant, at age 16, was committed to New Foundations for four months. Following the completion of New Foundations, defendant was transferred back to ICAP. On January 22, 2008, the court sustained petitions for defendant's failure to register as a gang member and comply with gang-related probation conditions. He was again sent to New Foundations for four months. Following his completion of New Foundations, defendant continued to use drugs leading to the court's termination of its jurisdiction "unsuccessfully" on September 30, 2008.

As an adult, defendant was convicted of felony possession for sale of drugs (Health & Saf. Code, § 11378) and placed on Proposition 36 probation in 2008. He was later convicted of felony assault with a deadly weapon (§ 245, subd. (a)(1)), in 2009, and again placed on probation with the condition that he serve 365 days in jail. In 2010, defendant was convicted of felony possession of a firearm by a felon (former § 12021, subd.(a)(1)) "with priors." The court denied probation and sentenced defendant to state prison on March 5, 2010.

In the presentence report for the current offenses, the probation officer recounted defendant's gang association as described in an earlier presentence report dated March 5, 2010. According to the Vallejo Police Department, defendant was first validated as a

3

Sureno gang member on November 11, 2005. Since his validation, defendant had been contacted by the police on numerous occasions for his involvement in gang-related criminal activity. Defendant proudly admitted his Sureno gang membership and had tattoos specific to his subset of Brown Brotherhood. The probation officer reported that defendant's last contact with the Solano County Jail gang unit was on August 27, 2013. At that time, defendant reported he was a Sureno dropout and requested housing in protective custody. The probation officer confirmed that defendant was placed in protective custody.

At sentencing, the court indicated it was "inclined to order gang terms" as probation conditions. The court noted that defendant had said he was no longer part of the gang, but the court found "sufficient history" to order the gang terms. In response, defense counsel stated, "I believe while there may be a history, . . . [defendant] has dropped out – that's why he's in protective custody, and I don't believe there's any nexus to the current offense." The prosecutor opined that the gang terms would be appropriate based on the information in the probation report. Over defense counsel's objection, the court ordered gang terms as probation conditions. The court explained that despite defendant's report that he had dropped out of the gang, there were clear indications in the probation report that he had associated and had a history with the Sureno gang, and that "in terms of rehabilitation for the defendant," the gang terms were "appropriate terms of probation." The court then imposed "gang terms" informing defendant that he was (1) not knowingly to be present at any known gathering areas of any gang; (2) not knowingly to associate with any known members or associates of any gang; (3) not knowingly possess a weapon or associate with persons in possession of weapons; (4) not knowingly wear any gang-associated clothing or emblems; (5) not knowingly possess any gang-related paraphernalia (including but not limited to, gang graffiti, symbols, photographs, members' rosters, or other gang writings) and gang-oriented publications (including, but not limited to, the magazines *Teen Angels* and *Street Life*); (6) not acquire any tattoos (permanent or temporary), or any gang-related burns/marks; (7) not knowingly attend any court proceedings involving gang members to which defendant is

not a party or a subpoenaed witness; and (8) submit his person, real and personal property, automobile, and any object under defendant's control to search and seizure, in and out of the presence of the defendant, as requested by a peace or probation officer, at any time of the day or night, with or without cause, notice, consent, or warrant.

## B.    Analysis

We initially reject defendant's argument that as a matter of state law the trial court abused its discretion by imposing gang terms as probation conditions.  "Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' ([*People v*.] *Lent* [(1975)] 15 Cal.3d [481,] 486 [(*Lent*)].) The test is conjunctive – all three prongs must be satisfied before a reviewing court will invalidate a probation term.  (*Id.* at p. 486, fn. 1; see also *People v. Balestra* (1999) 76 Cal.App.4th 57, 68-69 [90 Cal.Rptr.2d 77] . . . .)  As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality.  (See [*People v*.] *Carbajal* [(1995)] 10 Cal.4th [1114,] 1121 [(*Carbajal*)].)"  (*People v. Olguin* (2008) 45 Cal.4th 375, 379-380.)

Defendant contends that in this case the gang terms should be stricken under the *Lent* test because they have no relationship to his crime, relate to conduct that is not in itself criminal, and require or forbid conduct that is not reasonably related to future criminality.  However, the record demonstrates that the imposition of gang terms as probation conditions was "legitimately related to" defendant's future criminality. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 626 (*Lopez*).)  At the time of his current offenses, defendant was in his early 20's, and had a record of juvenile and adult criminal behavior.  The probation officer reported that defendant had previously admitted membership in the Sureno gang.  The imposition of gang terms is not called in question by the fact that defendant self- reported that he had dropped out of the Sureno gang and

5

was placed in protective custody while in jail. Whether defendant was currently connected with a gang is not "critical." (*Id*. at p. 624.) To ensure that defendant would continue to disassociate with gang-related activities *once he was released from jail*, the trial court imposed the gang terms as "an essential element of any *probationary* effect at rehabilitation because" those conditions "would insulate [defendant] from a source of temptation to continue to pursue a criminal lifestyle. (See *In re Laylah K*. [(1991)] 229 Cal.App.3d [1496,] 1501; *U.S. v. Showalter* [(7th Cir. 1991)] 933 F.2d [573,] 575; *Malone v. United States* [(9th Cir. 1974)] 502 F.2d [554,] 557.)" (*Lopez, supra*, 66 Cal.App.4th at p. 626, italics added.) "The restriction on contacts with [known] gang members was reasonable because '[a]ssociation with gang members is the first step of involvement in gang activity.' (*In re Laylah K., supra*, 229 Cal.App.3d at p. 1501.) The prevention of future criminality was also served by this prohibition because it insured that [defendant] would not be present at confrontational situations between rival gangs; hostility among different gangs is often an underlying cause of criminal activity. (See *People v. Hawthorne* (1992) 4 Cal.4th 43, 51, fn. 2 [14 Cal.Rptr.2d 133, 841 P.2d 118].) The restriction on the [knowing] display of gang indicia was reasonable because it removed from [defendant] the visible reminders of his past gang connection. (*In re Laylah K., supra*, 229 Cal.App.3d at p. 1502.)" (*Lopez, supra*, 66 Cal.App.4th at p. 626.)[2]

We also see no merit to defendant's argument that the imposition of gang terms impermissibly impinged on his First Amendment rights of free association and peaceful assembly. "Trial courts have broad discretion to set conditions of probation in order to

---

[2]    Defendant's citation to *People v. Brandão* (2012) 210 Cal.App.4th 568 (*Brandão*), is not persuasive. In *Brandão*, the Sixth District Court of Appeal struck a probation condition requiring that defendant have no association with known gang members on the grounds that "there is nothing in the record to suggest that [*Brandão*] has any current or prior ties to any criminal street gangs[; or] that a family member has criminal involvement that may justify a restrictive probation condition related to that involvement (*In re Peeler* (1968) 266 Cal.App.2d 483, 486-488, 492-493 [72 Cal.Rptr. 254]); or that [*Brandão*'s] current offense [possession of methamphetamine] is or his prior offenses were gang related." (*Brandão, supra*, 210 Cal.App.4th at p. 575, fn. omitted.)

'foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1' ([*Carbajal, supra,*] 10 Cal.4th [at p.] 1120 [43 Cal.Rptr.2d 681, 899 P.2d 67]; see § 1203.1, subd. (j); Cal. Rules of Court, rule [4.410].)  If it serves these dual purposes, a probation condition may impinge upon a constitutional right otherwise enjoyed by the probationer, who is 'not entitled to the same degree of constitutional protections as other citizens.'  (*People v. Peck* (1996) 52 Cal.App.4th 351, 362 [61 Cal.Rptr.2d 1][(*Peck*)].)" (*Lopez, supra,* 66 Cal.App.4th at p. 624.)

Here, the trial court could find that imposing gang terms was " 'reasonably necessary to accomplish the essential needs of the state and public order.'  (*Malone v. United States, supra,* 502 F.2d at p. 556, cert. den. 419 U.S. 1124 [95 S. Ct. 809, 42 L.Ed.2d 824]; . . . *Peck, supra,* 52 Cal.App.4th at p. 363.)  Such restrictions are ' "part of the nature of the criminal process.  [Citation.]" ' (*Peck, supra,* at p. 363.)  A limitation on the right to associate [and peaceable assembly] which takes the form of a probation condition is permissible if it is '(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends.'  (*U.S. v. [Bolinger]* (9th Cir. 1991) 940 F.2d 478, 480; see *Peck, supra,* at p. 362; *People v. Wardlow* (1991) 227 Cal.App.3d 360, 367 [278 Cal.Rptr.1].)" (*Lopez, supra,* 66 Cal.App.4th at pp. 627-628, fn. omitted; see *ibid.* [probation conditions that prohibited defendant from associating with known gang members and from displaying known symbols having a gang connotation did not unconstitutionally infringe on defendant's First Amendment rights of free association and free speech].)

We therefore conclude that the gang terms imposed in this case do not need to be stricken as they are neither unlawful nor unconstitutional.  (*Lopez, supra,* 66 Cal.App.4th at pp. 624-627.)  Accordingly, defendant's claim of error fails.

## II.   NO-CONTACT PROBATION CONDITION

### A.   Relevant Facts

At sentencing, the prosecutor asked the court to issue a stay-away order for the victim and the victim's relative who lived with the victim.  Defense counsel objected and asked that the order be one for "no uninvited contact" on the grounds that the individuals

were defendant's relatives, he had been in custody for quite some time, and he was taking appropriate medications. Defense counsel argued, "If they tell him we want no contact with you, then he would leave, but that is his family, and I think no uninvited contact, no annoy, molest, threaten . . . ." The prosecutor had a problem with a "no uninvited contact" order because the victim and the victim's relative had asked for a "stay away order." The court granted the prosecutor's request for a stay-away order, and directed that defendant was "not to annoy, harass or threaten" the two named individuals, "have no contact with their person, place or residence," and "remain at least 100 yards away" from the residence where the offenses took place.

## B. Analysis

Both defendant and the Attorney General ask us to remand the matter to the trial court to add a knowledge requirement to the no-contact order directing defendant to stay away from two named individuals. The parties rely on California appellate court cases that hold "probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances." (*People v. Kim* (2011) 193 Cal.App.4th 836, 843 and the cases cited therein.) Whether no-contact probation conditions must be modified to explicitly include a knowledge requirement is currently pending before our Supreme Court. (*In re A.S.* (2014) 227 Cal.App.4th 400, review granted Sept. 24, 2014, S220280 (*A.S.*).)[3] We are

---

[3]     In *A.S.,* the trial court imposed as a probationary condition a no-contact order directed at three named individuals. (227 Cal.App.4th at pp. *408-409.) On appeal defendant minor argued the probation condition should be modified to include a knowledge requirement. (*Id*. at p. *409.) The Sixth District Court of Appeal disagreed, ruling that the no-contact order was neither vague nor overbroad. (*Id*. at p.*409.) The court explained that an explicit knowledge requirement was not necessary because inherent in the no-contact order was that defendant be aware of the presence of the named persons, it belied common sense that defendant could be in contact with the named persons without realizing it, and any potential confusion was clarified by the trial court who told defendant that if he arrived at a place and, unbeknownst to him, one of the named persons was present, defendant was to avoid the person and walk away. (*Id*. at pp. *409-410.) In granting review, the Supreme Court stated, "The issue to be briefed

8

not convinced that a modification is necessarily required in this case. Nonetheless, for the sake of clarity, and as requested by the parties, on remand, we shall direct the trial court to add a knowledge requirement to the no contact order to reflect that defendant have no knowing contact with the two named individuals.

## III. STRICKEN PRIOR PRISON TERM ALLEGATION

### A. Relevant Facts

At the May 12, 2014, change of plea proceeding, defense counsel indicated that defendant would plead no contest with the understanding that the court would either strike or dismiss the allegation that he had served a prior prison term within the meaning of section 667.5, subdivision (b). In accepting defendant's plea, the court made no mention of the prior prison term allegation at the hearing. However, the minute order of the May 12, 2014, hearing, which was signed by the trial judge, indicates that the court granted "the motion of the DA" to "strike" "667.5(b) PC prior(s)." In the presentence report, the probation officer noted that the "plea agreement/indicated sentence" included the striking or dismissal of the prior prison term allegation. At the June 9, 2014, sentencing, the court stated it would follow the plea agreement and imposed the promised probationary term; but there was no mention of the prior prison term allegation. Nor did either counsel mention the court's failure to actually order the striking of the prior prison term allegation pursuant to the court's directive in its May 12, 2014, minute order. And, the June 9, 2014, sentence minute order and order of probation, does not include an order striking the prior prison term allegation on the district attorney's motion.

### B. Analysis

The parties agree, and we concur, that trial court intended to and did grant the district attorney's motion to strike the prior prison term allegation. However, as correctly noted by defendant, the court did not actually issue an order striking the prior prison term allegation. Accordingly, on remand, we shall direct the trial court to amend

---

and argued is limited to the following: Must the no-contact probation conditions be modified to explicitly include a knowledge requirement?"

9

its June 9, 2014, sentence minute order and order of probation (the commitment document) to include an order striking the prior prison term allegation on the district attorney's motion. (See *People v. Schulz* (1965) 238 Cal.App.2d 804, 807 ["a court, in criminal as well as civil cases, has inherent power to correct clerical errors in its records at any time so as to make these records reflect the true facts"]; see § 1213, subd. (b) ["[i]f a copy of the minute order is used as the commitment document, the first page or pages shall be identical in form and content to that prescribed by the Judicial Council for an abstract of judgment, and other matters as appropriate may be added thereafter"].)

## IV. AWARD OF PRESENTENCE CREDIT FOR TIME SERVED

### A. Relevant Facts

On July 24, 2013, defendant committed the current offenses and was taken into custody that day. On August 6, 2013, the court issued an order suspending criminal proceedings to allow for an evaluation of defendant's competence to stand trial (§ 1368). On April 16, 2014, the doctors at Atascadero State Hospital found defendant competent to stand trial (§ 1372). Defendant was returned to the county jail on April 28, 2014. He pleaded no contest to the charged offenses on May 12, 2014, and was sentenced on June 9, 2014. The court awarded presentence credit for time served, consisting of 321 days actual custody time, plus 210 days conduct credit, for a total of 531 days.

### B. Analysis

Section 4019 provides that defendants detained before felony sentence may earn conduct credit for time spent in penal institutions, but not for time during which they are confined for pretrial treatment as incompetent to stand trial. (*People v. Waterman* (1986) 42 Cal.3d 565, 567, 570-571.) Defendants, however, are entitled to conduct credit from the date hospital staff determines they are competent to stand trial and they continue to be housed at that hospital awaiting return to the county jail. (*People v. Bryant* (2009) 174 Cal.App.4th 175, 184.)

The record shows that defendant spent 321 actual days in presentence custody from July 24, 2013 to June 9, 2014. He earned 321 days of conduct credit. (§ 4019.) He

10

spent 111 days in state hospitals receiving treatment from January 8, 2014 through April 28, 2014. The court subtracted those 111 days from the award of conduct credits, awarding 210 days. However, the parties agree, and we concur, that the award of conduct credit should be modified to add back 12 days from the time defendant was found competent to stand trial on April 16, 2014, until he was returned to the county jail on April 28, 2014. Accordingly, on remand, we shall direct the trial court to modify its award of presentence credit for time served to reflect the additional 12 days of conduct credit and a total presentence credit for time served of 543 days.

## DISPOSITION

The matter is remanded to the trial court with directions to amend its June 9, 2014, sentence minute order and order of probation (1) to add a knowledge requirement to the "No Contact Orders" to reflect that defendant have no knowing contact with the two named individuals, (2) to enter an order striking the prior prison term allegation on the district attorney's motion, and (3) to award defendant additional presentence conduct credit of 12 days (April 16, 2014 to April 28, 2014) for a total award of 222 days of presentence conduct credit and a total presentence credit for time served of 543 days. The trial court is directed to forward a copy of its amended minute order and order of probation to the probation department and defendant. In all other respects, the judgment (the minute order and order of probation) is affirmed.

_____
Jenkins, J.

We concur:


_____
Pollak, Acting P. J.


_____
Siggins, J.

11