Filed 6/7/21  P. v. Trujillo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUBEN MARTINEZ TRUJILLO,<br><br>    Defendant and Appellant. | H048255<br>(Monterey County<br>Super. Ct. No. 18CR001967) |

Pursuant to a plea agreement, appellant Ruben Martinez Trujillo pleaded no contest to unlawful sexual intercourse with a minor under age 16 and misdemeanor solicitation of prostitution.  The trial court suspended imposition of sentence, placed Trujillo on felony probation for three years with various conditions, and ordered Trujillo to register as a sex offender for life.

On appeal, Trujillo requests that we remand the case in order for the trial court to exercise its newly conferred discretion to impose a lesser sex offender registration requirement under Senate Bill No. 145 (2019-2020 Reg. Sess.)  (Senate Bill 145).  He further contends that a probation condition requiring him to submit to alcohol testing is unreasonable.  Additionally, in a supplemental letter brief addressing the applicability of Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill 1950), Trujillo states we should reduce his probationary term from three years to two years.

For the reasons explained below, we remand this matter for resentencing with directions to the trial court to modify Trujillo's probationary term and consider Trujillo's request for a lesser sex offender registration requirement. Further, if the trial court reimposes the probation condition requiring testing for substance use, we direct the court to omit the word "alcohol" from that condition. In all other respects, we affirm the judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

In February 2018, Salinas Police Department officers conducted a human trafficking investigation involving two minors, Jane Doe #1 and Jane Doe #2.[1] The minors told officers that Trujillo had sexual intercourse with them. Officers spoke to Trujillo and he eventually told the officers that he picked up two girls who looked " 'pretty young.' " Trujillo said he took the girls into a restroom at his workplace and paid them for fellatio. Trujillo denied having intercourse with the girls, but he admitted to the officers that he had previously picked up women for prostitution.

On December 20, 2018, the Monterey County District Attorney filed an information charging Trujillo with two counts of committing a lewd or lascivious act upon a child of 14 or 15 years while Trujillo was at least 10 years older than the child (Pen. Code, § 288, subd. (c)(1)[2]; count 1 [Jane Doe #1] & count 2 [Jane Doe #2]) and two misdemeanor counts of solicitation of prostitution (§ 647, subd. (b); counts 3 & 4).

On February 5, 2020, the parties reached a negotiated resolution of the case. Defense counsel described the written agreement to the trial court as a plea "for an open sentence," with a maximum of four-years imprisonment in county jail under section 1170, subdivision (h). Counsel further explained that the court "would have discretion to either grant probation or sentence [Trujillo] to prison" and "discretion to order

---

[1] Because Trujillo entered a plea of no contest, the facts recounted here come from the probation officer's report filed for Trujillo's sentencing.
[2] Unspecified statutory references are to the Penal Code.

registration pursuant to Penal Code section[s] 290 and 290.006." Pursuant to the plea agreement, the district attorney moved to amend the information with two additional counts. The court granted the motion and added counts 5 and 6. Counts 5 and 6 each alleged a felony violation of section 261.5, subdivision (d), as to Jane Doe #1 and Jane Doe #2, respectively. Trujillo pleaded no contest to count 5 (unlawful sexual intercourse with a minor) and count 3 (solicitation of prostitution). As to count 6, Trujillo entered a *Harvey* waiver.[3] The trial court accepted Trujillo's plea.

On June 24, 2020, in accord with the recommendation of the Monterey County Probation Department, the trial court suspended imposition of sentence and placed Trujillo on probation for a period of three years with various conditions, including that he submit to alcohol testing. In addition, the court ordered Trujillo to serve 240 days in county jail and register as a sex offender for life (§ 290). On the district attorney's motion, the trial court dismissed counts 1, 2, 4, and 6 under section 1385.

At the conclusion of the sentencing hearing, defense counsel noted an impending change in the sex offender registration law. Counsel explained that the new law would include a tiered registration system that required the trial court to designate a registration tier for Trujillo. Counsel further opined that "the proper way to [address the designation] is to wait until that law goes into effect." The court responded, "Right. Okay. That is the order."

Trujillo timely filed a notice of appeal, and the trial court granted a certificate of probable cause.

## II. DISCUSSION

We begin our analysis of Trujillo's appellate claims by addressing his contention that the length of his probationary term should be reduced under Assembly Bill 1950.

---

[3] Pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, Trujillo permitted the trial court to consider the facts of count 6 when sentencing him and ordering restitution, even though Trujillo had not pleaded guilty to that count.

3

Because we conclude the proper remedy to account for this change in the law is to remand for reduction of Trujillo's probationary term, we will not separately address Trujillo's claim regarding sex offender registration. We also decide Trujillo's challenge to the alcohol testing probation condition.

A. *Length of Probation*

At the time of Trujillo's sentencing hearing on June 24, 2020, the trial court had the authority to impose a three-year probationary term. (Former § 1203.1, subd. (a).) On January 1, 2021, Assembly Bill 1950 took effect and reduced the maximum probationary term for most felony offenses to two years. (Stats. 2020, ch. 328, § 2; § 1203.1, subds. (a), (m); *People v. Quinn* (2021) 59 Cal.App.5th 874, 879 (*Quinn*).) Section 1203.1, subdivision (a), now states in relevant part: "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine." (§ 1203.1, subd. (a).) There is an exception to the new two-year limitation for certain felonies, but that exception does not apply here. (See § 1203.1, subd. (m).)

Trujillo contends the statutory change effected by Assembly Bill 1950 applies retroactively to his probationary term. The Attorney General does not contest that Assembly Bill 1950 is an ameliorative change that applies to cases not yet final on appeal. We agree that Assembly Bill 1950 applies to Trujillo, and the suspension of imposition of Trujillo's sentence and his related probationary term may not exceed two years. (*Quinn*, *supra*, 59 Cal.App.5th at pp. 879–885; *People v. Sims* (2021) 59 Cal.App.5th 943, 955–964 (*Sims*); *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1070–1074 (*Stewart*); § 1203.1, subds. (a), (m).)

Given that Trujillo's probationary term is subject to the current two-year limitation in section 1203.1, we must next determine the proper remedy to effectuate the new law. Trujillo urges us to modify his probationary term by reducing it from three years to two

years.  By contrast, the Attorney General argues we should remand the case so the trial court can modify Trujillo's probation consistent with Assembly Bill 1950.  Further, the Attorney General maintains "the People and the trial court should be afforded the opportunity to withdraw from the plea and return to the status quo ante."

We agree with the Attorney General that remand is appropriate here.  But we are not persuaded that the district attorney or the trial court should be allowed to withdraw from the plea agreement.  A remand for resentencing under current section 1203.1 is proper because it will afford the trial court an opportunity to reexamine the terms and conditions of Trujillo's probation in light of the at least one-year reduction in its length. (See *Sims*, *supra*, 59 Cal.App.5th at p. 964; *People v. Lord* (2021) 64 Cal.App.5th 241, 245–246; cf. *Quinn*, *supra*, 59 Cal.App.5th at p. 885 [reducing probation term without remand]; *Stewart*, *supra*, 62 Cal.App.5th at pp. 1074–1079 [same].)  Moreover, although the trial court may not impose a probationary term exceeding two years on remand, the court can impose a probationary term of less than two years.  When the trial court originally sentenced Trujillo, it could have imposed a probationary term longer than the three years it chose.[4]  Based on this record, we do not know for certain whether on remand the court will elect to place Trujillo on probation for the full two years allowed. Hence, we remand the case to the trial court for resentencing with directions to modify Trujillo's probation in accord with Assembly Bill 1950.

Although we remand with directions, we will not order the trial court to give the district attorney an opportunity to withdraw from the plea agreement.  Likewise, we will not direct that the trial court may withdraw its approval of Trujillo's plea.  The plea

---

[4] Former section 1203.1, subdivision (a), provided that a court may impose felony probation "for a period of time not exceeding the maximum possible term of the sentence."  It further provided that "where the maximum possible term of the sentence is five years or less, then the period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years." (Former § 1203.1, subd. (a).)

agreement here stipulated that Trujillo was pleading no contest in exchange "for an open sentence" (with a maximum term of four-years imprisonment). Trujillo's ultimate sentence was left to the discretion of the trial court, and neither Trujillo nor the district attorney obtained any guarantee under the agreement as to either the imposition of probation or the length of any probationary term. Thus, reducing the length of Trujillo's probationary term now would not affect the sentence agreed to by the parties or accepted by the trial court when it approved Trujillo's plea. Put differently, even if Trujillo's probationary term is now reduced, the district attorney has still received the benefit of the plea bargain it struck in Trujillo's case. Moreover, at Trujillo's original sentencing, the prosecutor said he "agree[d] with the defense that probation is appropriate in this case." Under these circumstances, we conclude there are no grounds to permit the district attorney to withdraw from the plea agreement or to allow the trial court to rescind its approval of Trujillo's plea.

Because we remand for modification of Trujillo's probationary term, we need not address the merits of Trujillo's claim regarding his lifetime sex offender registration. As conceded by the Attorney General, on remand the trial court will have the opportunity to consider a lesser sex offender registration requirement for Trujillo under the changes effected by Senate Bill 145. (See Stats. 2020, ch. 79, §§ 2, 4; §§ 290, 290.006.) Further, relinquishing consideration of this issue to the trial court accords with that court's order at Trujillo's original sentencing. There, the court agreed with defense counsel that designation of a registration tier for Trujillo should be deferred until Senate Bill 145 became effective. Hence, we will leave the issue of Trujillo's sex offender registration for the trial court to address in the first instance at Trujillo's resentencing.

In sum, we remand the matter to the trial court for resentencing to modify Trujillo's probationary term in accord with current section 1203.1, subdivision (a), and consider Trujillo's sex offender registration under Senate Bill 145.

B. *Alcohol Testing Probation Condition*

Although we remand for resentencing, in the interest of judicial economy, we will consider Trujillo's challenge to his "alcohol testing probation condition." Trujillo contends that condition is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*).[5]

1. Additional Background

In the probation officer's report, the probation officer assessed Trujillo's "level of need" regarding substance abuse as "low." (Capitalization omitted.) The report disclosed that Trujillo had "stated he is not a drinker and last imbibed alcohol 4 years ago" and had "reported no use or experimentation of narcotics." The probation officer recommended as a condition of probation that Trujillo abstain from the use of alcohol, marijuana, or other controlled substances without the permission of the probation officer or the court (condition No. 9). In addition, the probation officer recommended that Trujillo be ordered to "[s]ubmit to and complete any field sobriety test or alcohol/narcotics testing of [his] blood, breath, or urine at the request of any probation officer or peace officer" (condition No. 10).

Trujillo objected to condition Nos. 9 and 10 on the grounds that there was no relationship between his offenses and alcohol or drugs, he is not an addict and had "abstained from alcohol voluntarily for the last four years," and alcohol and marijuana use by adults is legal. In addition, Trujillo submitted a psychologist's report for sentencing that addressed his substance use history. The report noted that Trujillo first drank alcohol around age 16 but "he never drank more than one or two beers at a time and never got in trouble secondary to alcohol use." The report also disclosed that Trujillo had "tried marijuana and cocaine, each only once or twice" when he was a senior in high

---

[5] Although the testing condition that Trujillo challenges on appeal references both alcohol testing and narcotics testing, in his briefing Trujillo disputes only the alcohol testing requirement of the condition.

school and had not used either since then.  Trujillo "also said that once in Arizona in college, he tried mushrooms one time."

Trujillo was 33 years old when he was sentenced in June 2020.  He had one prior misdemeanor conviction in August 2005 for "[j]oyriding with intent to deprive owner."

At Trujillo's sentencing hearing, the trial court modified condition No. 9 by deleting the words " 'alcohol and marijuana' because they are legal."  The court also altered the language of condition No. 9 to prohibit only the use of controlled substances "without a prescription."  Regarding condition No. 10, the court said it would impose that condition because the court "believe[d] that testing is a vital component of supervision and necessary to keep the defendant on a straight path."

2.  Legal Principles

"The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.)  Probation conditions, however, must be "reasonable." (§ 1203.1, subd. (j).)

A reviewing court will not strike a probation condition as unreasonable unless it " ' "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*), quoting *Lent*, *supra*, 15 Cal.3d at p. 486.)  "The *Lent* test 'is conjunctive — all three prongs must be satisfied before a reviewing court will invalidate a probation term.' " (*Ricardo P.*, at p. 1118.)  Moreover, the third prong, relating to future criminality, "contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Id*. at p. 1122.)  This prong "requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality." (*Id*. at p. 1121.)

8

"On appeal, we ' "review conditions of probation for abuse of discretion." ' [Citation.]  Specifically, we review a probation condition 'for an indication that the condition is "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.)

      3.  Analysis

There is no dispute here that the alcohol testing condition (condition No. 10) satisfies the first two prongs of the *Lent* test.  As for whether that condition satisfies *Lent*'s third prong, Trujillo argues "there was no relationship between alcohol use and preventing future criminality."  He further maintains "there is no evidence in the record that [he] is predisposed to commit crimes when he uses alcohol.  As such, there is simply no reason to grant probation and peace officers the authority to test [his] blood and urine for the presence of alcohol whenever they wish."[6]

The Attorney General does not point us to any information in the record indicating Trujillo has a history of alcohol or drug abuse or criminal activity involving alcohol or drug consumption.  The Attorney General instead argues that the alcohol testing condition is reasonably related to future criminality because if Trujillo were to drink to excess, he might engage in criminal activity.

Considering the record and arguments, we decide that Trujillo's challenge to the alcohol testing requirement in condition No. 10 has merit.  Although Trujillo reported some prior alcohol and drug use, he evidently had not drunk alcohol for several years before sentencing and his use of drugs was relatively minimal and remote.  In addition, there is no information suggesting that Trujillo's current crime or any other prior criminal activity involved alcohol or drugs.  The Attorney General's reliance on the fact that

---

[6] Although Trujillo asks us to "strike the probation condition requiring [him] to submit to alcohol testing," in our view, his arguments are limited to the portion of condition No. 10 that requires him to submit to blood and urine testing for alcohol. Relatedly, we note that Trujillo does not make any specific argument regarding the requirement in condition No. 10 that he submit to "any field sobriety test."

Trujillo is free to drink and might be deterred by the testing requirement from becoming intoxicated is unavailing considering Trujillo's behavioral history. Further, the general supervision and deterrence rationales articulated by the trial court and the Attorney General could be asserted in every case where the probationer is not otherwise prohibited from drinking alcohol.

Given the lack of factual support for the proposition that alcohol has contributed to any recent criminal activity by Trujillo, we view these reasons for testing Trujillo to be too abstract or hypothetical to be reasonably related to preventing future criminality. (See *Ricardo P.*, *supra*, 7 Cal.5th at p. 1121; *People v. Cruz* (2020) 54 Cal.App.5th 707, 712.) Further, with regard to the burden imposed by the alcohol testing condition on Trujillo, we do not agree with the Attorney General's suggestion that the burden is de minimis. (See *Skinner v. Railway Labor Executives' Ass'n.* (1989) 489 U.S. 602, 616.) In addition, that some legitimate reason distinct from Trujillo's probation might arise and prompt law enforcement to test Trujillo for alcohol does not definitely enhance the interest of effective probation supervision of Trujillo. Like the general supervision and deterrence rationales addressed above, this alleged justification offered by the Attorney General for requiring Trujillo to submit to alcohol testing is speculative and lacks a reasonable relationship to the specific circumstances present here. " 'Not every probation condition bearing a remote, attenuated, tangential, or diaphanous connection to future criminal conduct can be considered reasonable' under *Lent*." (*Ricardo P.*, at p. 1127, quoting *People v. Brandão* (2012) 210 Cal.App.4th 568, 574.)

For these reasons, we conclude the alcohol testing requirement in condition No. 10 is invalid under *Lent*. If at Trujillo's resentencing the trial court reimposes condition No. 10, we direct the court to omit the word "alcohol" from the condition. Thus, the modified condition would read as follows: "Submit to and complete any field sobriety test or narcotics testing of your blood, breath, or urine at the request of any probation officer or peace officer."

10

## III. DISPOSITION

The order of probation is reversed, and the matter is remanded to the trial court for resentencing with directions to modify Trujillo's term of probation in accord with Penal Code section 1203.1, subdivision (a), as amended by Assembly Bill No. 1950 (2019-2020 Reg. Sess.), and consider Trujillo's request for a lesser sex offender registration requirement under Penal Code sections 290 and 290.006, as amended by Senate Bill No. 145 (2019-2020 Reg. Sess.). Further, if the trial court reimposes probation condition No. 10 when it resentences Trujillo, we direct the trial court to omit the word "alcohol" from the condition. In all other respects, the judgment is affirmed.

_____
                  Danner, J.

WE CONCUR:

_____
Greenwood, P.J.

_____
Grover, J.

**H048255**
*People v. Trujillo*