Filed 6/8/26  In re R.G. CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re R.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E086474 |
| Plaintiff and Respondent, | (Super.Ct.No. J304768) |
| v. | OPINION |
| R.G., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gerladine Williams, Judge.  Affirmed with directions.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Arlene A. Sevidal Assistant Attorneys General, Eric A. Swenson and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

The San Bernardino County District Attorney filed a Welfare and Institutions Code[1] section 602 petition alleging that R.G. (minor), committed felony assault with force likely to cause great bodily injury (GBI). (Pen. Code, § 245, subd. (a)(4).) Minor admitted committing misdemeanor assault, and a juvenile court adjudged him a ward of the court and placed him on probation under various conditions.

On appeal, minor contends the probation condition that prohibits him from associating with anyone he knew was a gang member should be stricken. We conclude the condition should be modified. In all other respects, we affirm the order granting probation.

FACTUAL AND PROCEDURAL BACKGROUND

At a park after school, minor approached Julian H. (the victim) from behind and pushed him on the back of the head, while the victim was sitting on a bench. The victim stood up and was approached by minor's friend, Aaron C. Aaron C. took a fighting stance and proceeded to hit the victim in the face with a closed fist approximately four times. The victim tried to block Aaron C.'s punches and then grabbed him, causing both Aaron C. and him (the victim) to fall to the ground. While they were on the ground, minor approached the victim from behind and struck his head and back with a closed fist approximately eight times. Another

---

[1] All further statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

friend of minor, James V., approached the victim from behind and struck him on the back of the head with a closed fist and kicked his back. Aaron C. stood up from the ground and continued to hit the victim on the back and head. The victim stayed on the ground in a crouched position and blocked his head with his arms. Then, minor kicked him on the front part of his body.

The attack was recorded. James V. posted the video to Instagram and Aaron C. reposted it to his own account. The video depicted the assault with the caption, "Big Smokie got up on dat nikkak lamesk ni--a[2] really thought we was gonna let that shi slide." Aaron C.'s Instagram profile featured the name "Smokie." A School Resource Officer (SRO) searched Aaron C.'s belongings and found a paper with the word "Smokie" written in graffiti style writing.

The victim contacted the SRO via telephone, and the following is a summary of the victim's statement: he went to the bus stop across the street from Heritage Park and sat on a bench. He was approached by a student who asked him why he added that student's girlfriend on social media. The victim was then challenged to a fight by another student, and he said he did not want to fight. The victim was then hit on the head, arms, and back multiple times. When asked why the students hit him, the victim said they were upset about a rumor of him adding one of their girlfriends [on social media]. He stated the student's girlfriend was

---

[2] This is a form of the "N" word.

his ex, and her name was Audrey. The SRO knew Audrey was a student who was in a dating relationship with James V.

Minor was brought into the school office and gave a written statement saying that he and his friends "'beat up someone by the park after school.'" Minor stated he did not know the student they fought, and he joined the fight because his friends were fighting.

On June 4, 2025, the People filed a juvenile delinquency petition charging minor with assault by force likely to cause GBI (Pen. Code, § 245, subd. (a)(4)). He denied the charge, and the court ordered him detained at home.

The court held a hearing on July 2, 2025. The probation officer recommended that the court place minor on probation, under various conditions, including No. 14 which stated: "Do not associate or communicate with your co-participant and anyone you know who is on probation, parole, or a gang member." (hereinafter, the association condition)

Minor's counsel objected to the association condition. First, she informed the court that minor had a brother named R.G. who resided with him, and she asked that the court "make an exception for that brother." Then, counsel asked the court to strike the language "or a gang member" from the association condition, citing *In re Edward B*. (2017) 10 Cal.App.5th 1228 (*Edward B*.). Minor's counsel argued that the language/term did not have a reasonable connection to the offense and was not related to future criminality. Counsel argued that "[i]t cannot be based off speculation," noting minor's cohort had a nickname of "Smokey" which

4

was on a social media app, but there was no evidence in the police report that talked about a gang; further, it was not alleged that minor was in a gang or associated with one.

The People conceded there was "no specific reference to [minor] being a part of the gang," but argued that the assault in this case was "an unprovoked assault on a person with multiple people assaulting the same victim, which is suggestive of a gang-type crime." The People further stated, "the report about the assault on social media [] basically does look like it could have had something to do with a gang." The People quoted the caption on the social media post and concluded, "That sounds like it's a confirmation that this person disregarded [*sic*], which is very common in the gang culture."

After hearing counsel's arguments, the court concluded: "[B]ased on the indicia that's been referenced to by the [People], the Court does find the words '[o]r a gang member' to be applicable in this case and should remain. However, the Court will grant the request as to the exception for the brother." Thus, the association condition was interlineated to read: "Do not associate or communicate with your co-participant and anyone you know who is on probation, parole, or a gang member, *exception brother* [*R.G.*]." (Italics added.)

The court then granted the People's motion to designate the offense as a misdemeanor, and minor admitted the allegation. The court adjudged him a ward, placed him on probation under the specified conditions as modified, and released him to the custody of his mother.

Minor filed a timely notice of appeal.

DISCUSSION

The Association Condition Should Be Modified

Minor contends the association condition, which prohibits him from knowingly associating with gang members, must be stricken as unreasonable, since it is unrelated to his offense, relates to conduct that is not criminal, and is not related to future criminality. The People concede that associating with gang members is not criminal but argue that the condition is reasonably related to the instant offense and to preventing future criminality. We agree with minor but note he is not challenging the entire association condition, just the prohibition against associating with gang members. Accordingly, we will modify that portion of the condition only.

A. *Relevant Law*

The juvenile court "has wide discretion to select appropriate conditions and may impose "'any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'"'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) Although courts have broad discretion to set conditions of probation, "the trial court's discretion in setting the conditions of probation is not unbounded." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624.) A term of probation is invalid if it: "'(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is

6

not reasonably related to future criminality . . . ' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the minor was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).)

B. *The Gang Portion of the Association Condition is Not Valid Under Lent*

When a gang condition imposed by the juvenile court involves non-criminal conduct and prohibits a minor from engaging in otherwise legal conduct, "we can uphold it only if there is a reasonable connection between the condition and the offense or between the condition and future criminality." (*Edward B.*, *supra*, 10 Cal.App.5th at p. 1236; see also, *People v. Brandão* (2012) 210 Cal.App.4th 568, 574 (*Brandão*).) Gang-related probation conditions are reasonably related to preventing future criminality when there is evidence of the minor's affiliation with criminal street gangs. (*Edward B.*, *supra*, 10 Cal.App.5th at p. 1236 ["in the absence of evidence of gang affiliation or association with gang members or risk of gang involvement on [the minor's] part, the gang condition is not tailored to his future criminality"].)

Here, nothing in the record suggests that minor's offense was gang related, that he has ties to any criminal street gangs, or that any of his family members have gang ties. Significantly, at the hearing, the People admitted there was "no specific reference to [minor] being a part of the gang." Thus, the portion of the association condition prohibiting minor from associating or communicating with

gang members is not tailored to his future criminality. (*Brandão*, *supra*, 210 Cal.App.4th at pp. 576-577; *Edward B., supra*, 10 Cal.App.5th at p. 1236.)

The People concede "the record does not conclusively establish that the crime was a gang offense." Nonetheless, they argue the gang portion of the association condition is reasonably related to the crime because minor "worked together with his co-participants to commit their coordinated attack on the victim." Further, one of his co-participants posted a video of the attack on social media with the caption "Big Smokie got up on dat nikkak lamesk [] really thought we was gonna let that shi slide," and the other co-participant reposted the video. The People also claim there was "some indicia" that co-participant Aaron C. "might have some gang connections," pointing to his nickname "Smokie," which was found on his social media profile, as well as the caption in the video and a piece of paper found in his belongings.

Assuming Aaron C. "might have some gang connections," as the People aver, it is unclear how such tenuous connections show that the current assault was gang related. In other words, any connection between minor's offense and gang activity is speculative. (See *Edward B., supra,* 10 Cal.App.5th at p. 1236.)

The People next argue that the gang portion of the association condition is reasonably related to preventing future criminality because minor was "far more at risk of gang association than the average minor." The People point to his emotional troubles from his father's passing two years prior. They further claim "it appears" that minor's brother is a gang member, since, before asking for the

8

gang portion of the condition to be stricken, defense counsel stated minor had a brother named R.G. and asked the court to "make an exception" for him, because he lived with minor.

The court was informed that defense counsel wanted to discuss the association condition. {RT 105} When the court invited her to comment, counsel stated, "The minor does have a brother whose name is [R.G.], and we ask the court to make an exception for that brother, and I believe that the brother does reside with the minor." {RT 105-106} Counsel then said, "*Also*, Your Honor, we would ask the Court to strike . . . just the language 'gang term'" and cited *Edward B.*, *supra.* {RT 106} The record indicates counsel's requests to make an exception for minor's brother and to remove the gang language from the condition were separate. {RT 105-106} More significantly, defense counsel did not state or even suggest that minor's brother was a gang member, and there is no evidence in the record to support such a claim.

Further, we note the association condition prohibits minor from associating or communicating with anyone he knows "who is on *probation, parole*, or a gang member." (Italics added.) {CT 38} It is purely speculative to conclude from defense counsel's request that minor's brother was a gang member. Given the sequence of defense counsel's request, first asking for an exception for minor's brother and then asking to strike the gang term, and the lack of evidence that minor's brother was in a gang, it is likely he was on probation or parole, and the

9

court made an exception for him so that he or minor would not be forced to move out of their residence.

We conclude that, in the absence of evidence of gang affiliation or association with gang members on minor's part, the gang portion of the association condition is not tailored to his future criminality. (*Edward B., supra,* 10 Cal.App.5th at p. 1236; see *Brandão*, *supra*, 210 Cal.App.4th at p. 576.) Therefore, since minor is only challenging the portion of the association condition prohibiting him from associating with gang members, we will only strike that part of the condition. (See *Brandão, supra*, 210 Cal.App.4th at pp. 577-578.) The association condition is amended to delete the part that says "or a gang member" so that it will read, "Do not associate or communicate with your co-participant and anyone you know who is on probation or parole, exception brother [R.G.]."

DISPOSITION

The association condition is modified to read, "Do not associate or communicate with your co-participant and anyone you know who is on probation or parole, exception brother [R.G.]."  In all other respects, the order of the juvenile court granting probation is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
J.


We concur:

RAMIREZ_____
P. J.
RAPHAEL_____
J.

11